IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACK AUNDREA ROBINSON,

    Plaintiff,

v.  No. 15-cv-0666 KG/SMV

TORI SANDOVAL,
CURRY COUNTY ADULT DETENTION CENTER,
UNKNOWN KITCHEN MANAGER, and
UNKNOWN CONTRACTOR,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2] ("Short Form Application to proceed IFP"), filed July 30, 2015, and on his Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 6] ("Long Form Application to proceed IFP"), filed September 10, 2015. The Court will grant the Long Form Application to proceed IFP [Doc. 6] and deny the Short Form Application to proceed IFP [Doc. 2] as moot. Further, the Court will dismiss the claims against Defendants Sandoval and Curry County Adult Detention Center ("CCADC") and allow Plaintiff 30 days to amend his Complaint to identify the remaining Defendants.

### Eligibility to Proceed *In Forma Pauperis*

The statute for proceedings *in forma pauperis* ("IFP"), 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person

who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed [IFP], it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir. 1988)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs[.]" *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute[,] an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (internal quotation marks omitted).

Plaintiff filed his Short Form Application to proceed IFP on July 30, 2015. [Doc. 2]. The Court notified Plaintiff that the Short Form Application does not provide sufficient information for the Court to determine whether a plaintiff is unable to pay the required fees. Thus, the Court required Plaintiff to file a Long Form Application to proceed IFP. [Doc. 4]. Plaintiff timely filed a Long Form Application to proceed IFP. [Doc. 6]. Because it is granting Plaintiff's Long Form Application to proceed IFP, the Court will deny Plaintiff's Short Form Application as moot.

Plaintiff's Long Form Application shows that his monthly income is $921.00. [Doc. 3] at 1–2 ($731/month in disability and $190/month in food stamps). Plaintiff reports his monthly

expenses are $821. [Doc. 3] at 4–5 (in adding the itemized expenses, the Court calculated his total monthly expenses to be $860). Based on Plaintiff's reported monthly income, the Court finds that Plaintiff is unable to pay the filing fee. *See* § 1915(a)(1). Accordingly, the Court will grant Plaintiff's Long Form Application to proceed IFP.

## Initial Screening Under § 1915

The Court has the discretion to dismiss an *in forma pauperis* complaint sua sponte under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint sua sponte under Rule 12(b)(6) if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992).

Plaintiff was incarcerated at CCADC for some portion of 2015, but has apparently been released. *See* [Doc. 1]. While incarcerated, Plaintiff alleges that Defendants violated his constitutional rights when they "failed to allow [him] to adhere to [his r]elig[i]ous diet during the [h]oly month of Ramadan." *Id.* at 2. He explains that during the 30 days of Ramadan, he is to fast "during the day light [sic] hours" and eat only "before sunrise and after sunset." *Id.* He requested that his meals be dispensed accordingly. *Id.* He alleges that CCADC had no policy

3

regarding inmate meals during Ramadan and that he had to educate staff about his needs. *Id.* at 2, 5. Apparently, there was at least some attempt to accommodate Plaintiff's request because he alleges that he was repeatedly fed during darkness hours. *Id.* at 2–6. The problem, Plaintiff alleges, was that he did not receive all three meals every night. That is, some nights, he received only one or two meals. *Id.* He further complains that he was "never fed at sunset," with meals often arriving after 9:30 p.m. and at least one meal arriving at 1:00 a.m. *Id.* at 6, 2–5. Finally, he complains that he sometimes received cold meals even though "everyone" else received hot meals. *Id.* at 2.

### **Defendants Sandoval and Curry County Adult Detention Center will be dismissed.**

Plaintiff has named as Defendants Tori Sandoval (an administrator at CCADC), the detention center itself, an unknown kitchen manager, and an unknown cook. *Id.* at 1. Plaintiff alleges that Defendant Sandoval is responsible for "oversee[ing] the day[-]to[-]day running of [the] jail, [and for making] sure her staff followed the law a[nd] fe[e]d me according to my relig[i]ous diet during the [h]oly month of Ramadan." [Doc. 1] at 3. Other than stating that Defendant Sandoval was responsible for the operations of the facility, Plaintiff makes no allegation linking Defendant Sandoval personally to the purportedly improper meals.

To state a claim under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Government officials cannot be held liable merely by the fact of their supervisory position. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). However, plaintiffs may hold defendants who are supervisors liable under a theory of supervisory liability by showing: "(1) the defendant promulgated, created, implemented or possessed

4

responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010)).

Plaintiff does not allege that Defendant Sandoval personally participated in the dispensing of, or any decision-making regarding, his Ramadan meals. To the extent that Plaintiff seeks to assert supervisory liability, his factual allegations—even if true—are legally insufficient to impute liability to Defendant Sandoval. Therefore, the Court will dismiss the claims against her.

Similarly, the claims against CCADC will be dismissed. Section 1983 authorizes private parties to enforce their federal constitutional rights against "persons" who acted under color of state law. Municipal entities are considered "persons" subject to § 1983 liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, divisions of municipal entities are not considered "persons." *Stump v. Gates*, 777 F. Supp. 808, 815–816 (D. Colo. 1991) (holding that because under Colorado law, counties were "bodies politic" with power to sue and be sued, counties were themselves proper defendants, rather than subsidiary departments, such as police department). New Mexico law, like Colorado law, identifies counties as bodies politic with the power to sue and be sued, so it is only the counties themselves that are proper defendants, not their subsidiary departments, like detention centers. *Compare* NMSA 1978, § 4-37-1 ("Counties are granted the same powers that are granted municipalities . . . ."), *with* § 3-18-1 ("A municipality is a body politic and corporate [and] may . . . sue or be sued."). Thus, although Curry County is a municipal entity that is subject to § 1983 liability, *Monell*, *supra*, its detention center is not, *Stump*, *supra*. *See White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001) (holding that dismissal of

5

detention center was required because, under Utah law, it was not "person" subject to suit under § 1983).  The Court, therefore, will dismiss all claims against CCADC.[1]

**Plaintiff is granted 30 days to amend his Complaint to name the Defendants.**

The only remaining Defendants in this case are the "unknown kitchen manager" and the "unknown contractor [kitchen cook]." [Doc. 1] at 1.  However, "to present a plausible right to relief . . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008).  Here, the complaint does not enable the Court to identify the individuals whom Plaintiff intends to sue. *See Richards v. Bellmon*, 941 F.2d 1015, 1019 n.3 (10th Cir. 1991) ("Although *pro se* pleadings should be liberally construed, it is not 'the proper function of the district court to assume the role of advocate for the *pro se* litigant.'") (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam)).  Under this standard, Plaintiff's allegations do not state claims for relief against any *named* Defendant.  Nor can officers of the Court fulfill their obligation under § 1915(d) to serve process on any Defendant.  Plaintiff will be allowed time to identify individual Defendant kitchen manager and kitchen cook.  Failure to comply with this Order may result in dismissal of the action.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Long Form Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 6] is **GRANTED.**

---

[1] The Court declines to substitute the Board of Commissioners of Curry County (which is the proper defendant when suing Curry County) for CCADC because Plaintiff's allegations do not state a claim against the Board.  "[F]or § 1983 liability against [a] county, [a] plaintiff must allege a constitutional violation by an employee and that municipal policy or custom was [the] moving force [behind the violation]." *Martinez v. Montrose Sheriff's Dep't*, 12 F. App'x 837, 838 (10th Cir. 2001) (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998)).  Here, Plaintiff alleges no such policy or custom of CCADC or of Curry County.  Therefore, adding the Board as a defendant is not appropriate.

**IT IS FURTHER ORDERED** that Plaintiff's Short Form Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Sandoval and Curry County Adult Detention Center are **DISMISSED**.

**IT IS FURTHER ORDERED** that within 30 days from entry of this Order, Plaintiff may file an amended complaint identifying the individual(s) who allegedly impeded his ability to adhere to his religious diet during the holy month of Ramadan in 2015.  Failure to amend the Complaint may result in dismissal of this action.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE